IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Marquis Tillman, | ) | CA 3:23-2151-JFA |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | ANSWER |
| Sunbelt Multifamily Properties d/b/a | ) | |
| Tamarind at Stoneridge Apartments, | ) | |
| | ) | |
| Defendant. | ) | |

**TO:   U.S. DISTRICT COURT; MICHAEL WITHERSPOON, ESQUIRE, ATTORNEYS FOR THE PLAINTIFF AND TO THE PLAINTIFF NAMED ABOVE:**

The Defendant, Sunbelt Multifamily Properties d/b/a Tamarind at Stoneridge Apartments (hereinafter the "Defendant"), by and through its undersigned counsel, in responding to the Complaint of the Plaintiff, answers as follows:

### FOR A FIRST DEFENSE

Defendant denies each and every allegation of the Plaintiff's Complaint (hereinafter the "Complaint") not hereinafter specifically admitted.

1.   Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2.   Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.   Paragraph 3 of the Complaint states a conclusion at law, to which no response is required from Defendant. To the extent a response is required, Defendant admits the allegations contained within Paragraph 3 of the Complaint.

4.  Defendant admits the allegations contained in Paragraph 4 of the Complaint that Plaintiff visited a tenant at Apartment D06 on or about August 17, 2022. Defendant admits the allegations contained in Paragraph 4 of the Complaint that the property in question is located at the specified address. Defendant denies the allegations contained in Paragraph 4 of the Complaint that the specified balcony railing "gave way". Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.  Paragraph 6, and all subparts therein, of the Complaint contain conclusions at law to which no response is required from Defendant. Defendant denies the factual allegations contained within Paragraph 6, and all subparts therein, of the Complaint.

7.  Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant denies the allegations contained in the Plaintiff's Prayer for Relief, with said paragraph beginning with "WHEREFORE".

## FOR A SECOND DEFENSE

9.  Defendant would show, upon information and belief, that the Complaint fails to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, and, therefore, the Plaintiff's Complaint should be dismissed with costs.

## FOR A THIRD DEFENSE

10. Any injuries sustained by the Plaintiff were due to and caused by the intervening and superseding acts of negligence, carelessness, recklessness, and gross negligence on the part of

third persons as a proximate cause of injuries as alleged, if any, and therefore, this Defendant should not be liable to the Plaintiff in any sum whatsoever.

## **FOR A FOURTH DEFENSE**

11.     Such injury or loss as the Plaintiff sustained, as alleged in the Complaint, was proximately caused and occasioned by the sole negligence, gross negligence, willfulness and wantonness of a third party, in failing to exercise due care and reasonable care for their own safety, which was the direct and proximate cause of injuries or losses suffered by the Plaintiff, and without which the same would not have occurred.  Therefore, Defendant pleads the sole negligence, willfulness, wantonness, carelessness, recklessness, and gross negligence of a third party as a complete bar to this action against it.

## **FOR A FIFTH DEFENSE**

12.     Defendant would show, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to Plaintiff's own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of this Defendant, (such negligence on the part of this Defendant being specifically denied), to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred.  This Defendant pleads such negligence, carelessness, recklessness and gross negligence on the part of the Plaintiff and would ask that this court compare the negligence of the Plaintiff and this Defendant and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of this Defendant, (such negligence, carelessness, recklessness and/or gross negligence on the part of this Defendant being specifically denied), then the Plaintiff should be totally barred

from recovery and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of this Defendant, then the amount of recovery available to the Plaintiff should be reduced by the percentage of the Plaintiff's own negligence, carelessness, recklessness and gross negligence.

### FOR A SIXTH DEFENSE

13. Defendant would show that any alleged damages sustained by the Plaintiff, which are specifically denied, were the result of an intervening willful, malicious, and criminal act of a third person beyond the control of this Defendant and that such intervening willful, malicious, and criminal act was not intended by this Defendant and could not be foreseen by this Defendant and any causal connection between any alleged negligence of this Defendant and the accident is broken by such willful, malicious, and criminal act and this Defendant is not liable to the Plaintiff.

### FOR A SEVENTH DEFENSE

14. Defendant would show that Plaintiff has failed to state a claim for which punitive damages are recoverable under any applicable law as there is no reckless, willful, wanton, or grossly negligent conduct on the part of this Defendant; therefore, Plaintiff's claims for punitive damages should be dismissed.

### FOR AN EIGHTH DEFENSE

15. Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

### FOR A NINTH DEFENSE

16. Any award of punitive damages should not exceed the limitations on damages provided for in S.C. Code Ann. §15-32-530.

**FOR A TENTH DEFENSE**

17. Defendant would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that this Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because this Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates this Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

**FOR AN ELEVENTH DEFENSE**

18. Even if Defendant was negligent as alleged in the Complaint, which Defendant specifically denies, the negligence of Defendant is not the direct or proximate cause of certain injuries or damages alleged by Plaintiff and, therefore, Defendant is not liable for said damages allegedly sustained by Plaintiff.

## FOR A TWELFTH DEFENSE

19. To the extent applicable, any judgment rendered against Defendant in this action should be limited to the fault, if any, attributable to Defendant. In accordance with South Carolina law on joint and several liability, any and all other persons or parties who were negligent or at fault should be joined as necessary parties for the purpose of comparing their fault or negligence to the alleged fault or negligence of Defendant (Defendant denies it was negligent). Defendant asserts, in its entirety, the South Carolina Doctrine of Joint and Several Liability and/or Doctrine of Apportionment of Damages.

## FOR A THIRTEENTH DEFENSE

20. Defendant reserves and asserts any and all rights available under the South Carolina Contribution Among Tortfeasors Act.

## FOR A FOURTEENTH DEFENSE

21. Plaintiff's claims are barred by its failure to join as party to this action a party, or parties, in whose absence complete relief cannot be accorded among those already parties to this action, thereby subjecting this Defendant to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## FOR A FIFTEENTH DEFENSE

22. Defendant specifically reserves the right to assert any further defenses as may be revealed by additional information acquired during discovery or otherwise from any other party herein. Defendant further reserves the right to amend this Answer to assert any other applicable defenses, to assert any applicable cross and/or counterclaims, and to implead any other applicable parties.

**WHEREFORE**, having fully answered the Complaint, this Defendant prays that this Court award it the following relief:

- A. Dismiss the Complaint with prejudice to the Plaintiff;
- B. Declare that the Plaintiff is entitled to no recovery from this Defendant;
- C. Tax the costs of this action against the Plaintiff;
- D. Award this Defendant its attorneys' fees;
- E. Award this Defendant a trial by jury on all issues so triable, and;
- F. Grant judgment in favor of this Defendant, to include all damages incurred because of any liability to Plaintiff and all accompanying costs and attorneys' fees.

Respectfully submitted,

**MURPHY & GRANTLAND, P.A.**

*s/R. Cameron Stephenson*
Everett A. Kendall, II, Esquire
S.C. Bar #: 8450
R. Cameron Stephenson, Esquire
S.C. Bar #: 105862
P.O. Box 6648
Columbia, SC  29260
Phone:  803-782-4100
Fax:     803-782-4140
Email: rkendall@murphygrantland.com;
           cstephenson@murphygrantland.com
***Attorneys for Sunbelt Multifamily Properties d/b/a Tamarind at Stoneridge Apartments***

Columbia, South Carolina
May 19, 2023.